**Corinna Spencer-Scheurich,** OSB 130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington, Suite 225
Portland, Or 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **STACEY MYERS,** an individual<br><br>Plaintiff,<br><br>v.<br><br>**LIONESS HOLDINGS, LLC**, a foreign limited liability company, **TAN REPUBLIC FRANCHISE COMPANY, LLC**, a domestic limited liability company, and **RYAN REEVES**, an individual<br><br>Defendants. | Civil No.:  3:16-CV-1968<br><br>COMPLAINT<br><br>Fair Labor Standards Act<br>(29 U.S.C. §§ 201 *et seq*.)<br>Oregon Wage and Hour Laws<br><br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.    Stacey Myers ("Plaintiff") brings this action against Lioness Holdings, LLC., Tan Republic Franchise Company, LLC, and Ryan Reeves, ("Defendants") under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid minimum wages.

COMPLAINT                                                                                                                                                 PAGE 1

2. Plaintiff also alleges unpaid wages and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.140, 652.150, 653.025, and 653.055.

## II. JURISDICTION

3. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III. PARTIES

5. Plaintiff Stacey Myers is a natural person and resident of Portland, Oregon, in Washington County.

6. Defendant Lioness Holdings, LLC, is a foreign limited liability company registered in the state of Oregon with a principal place of business presently located in Portland, Oregon, in Multnomah County.

7. Defendant Tan Republic Franchise, LLC, is a domestic limited liability company registered in the state of Oregon with a principal place of business presently located in Salem, Oregon, in Marion County.

8. Defendant Ryan Reeves is a natural person and resident of Portland, Oregon, in Multnomah County.

## IV. FACTS

9. Defendant Tan Republic Franchise, LLC, is a franchisor company with approximately 75 Tan Republic tanning salon locations in the United States.

10. Defendant Tan Republic Franchise Company, LLC, operates a Tan Republic website, including a "Careers" page where individuals can apply for sales associate positions at Tan Republic.

11. Defendant Tan Republic Franchise Company, LLC, created and maintains an internship training program for sales associates at its Tan Republic franchise locations.

12. Defendant Lioness Holdings, LLC, owns several tanning salons in the Portland metropolitan area operating under the name Tan Republic.

13. Defendant Ryan Reeves is an employee of Lioness Holdings, LLC, and assists in operating several Tan Republic tanning salons in the Portland metropolitan area.

14. Defendants were an enterprise engaged in interstate commerce.

15. In early April 2015, Plaintiff inquired at a Tan Republic salon owned by Defendant Lioness Holdings, LLC, about employment as a sales associate, and met with Defendant Ryan Reeves.

16. Defendant Mr. Reeves gave Plaintiff an employee handbook folder consisting of Tan Republic sales and training materials, employee rules, and a 2015 W-4 form and an I-9 (Employment Eligibility Verification) form.

17. Defendant Mr. Reeves instructed Plaintiff to report to the Tan Republic location at 10041 SW Nimbus Avenue, in Beaverton, Oregon, the following day to begin her Tan Republic sales associate training.

18. On April 6, 2015, Plaintiff arrived at the Nimbus Avenue Tan Republic location

and Plaintiff returned her completed and signed W-4 and I-9 forms to Defendant, Mr. Reeves.

19. Defendant Mr. Reeves ripped the W-4 and I-9 forms, and told Plaintiff that she would not be paid until she learned and memorized all of the sales dialogue.

20. From approximately 10:00am to 10:00pm on April, 6, 2015, at the direction of Defendant Mr. Reeves, Plaintiff practiced Tan Republic sales dialogue using the training materials she was given.

21. On several occasions on April 6, 2015, Defendant Mr. Reeves directed that Plaintiff stop practicing her sales dialogue in order to clean the salon's tanning beds.

22. Between April 7, 2015 and April 23, 2015, Plaintiff performed an additional 32 hours of work on six occasions at various Tan Republic locations owned and operated by the Defendants in the Portland metropolitan area.

23. In total, between April 6 and April 23, 2015, Plaintiff performed a total of 44 hours of work for the Defendants.

24. During these 44 hours, at the direction of Defendant Mr. Reeves, Plaintiff practiced the Tan Republic sales dialogue, cleaned and sanitized the Tan Republic tanning beds, and washed, folded, and organized the towels that Tan Republic offers to its customers for use during tanning sessions.

25. The work performed by the Plaintiff on behalf of the Defendants displaced the work of regular employees.

26. The work performed by the Plaintiff on behalf of the Defendant provided an immediate advantage to the Defendants.

27. During Plaintiffs' employment with Defendants, Defendant Mr. Reeves supervised and assigned tasks to Plaintiff and otherwise exercised control over Plaintiff's work.

28. Defendant Tan Republic Franchise Company, LLC, Lioness Holdings, LLC, and Defendant Mr. Reeves, all suffered or permitted Plaintiff to perform work, supervised and controlled Plaintiff's work schedule and conditions of employment, and determined Plaintiff's rate of pay.

29. Plaintiff was jointly employed by defendants in interstate commerce.

30. On April 24, 2015, Defendant Mr. Reeves communicated to Plaintiff that he would not be hiring her, and that she need not return to Tan Republic.

31. Plaintiff was not paid any wages by the Defendants during the course of her employment.

32. Defendants did not pay Plaintiff Ms. Myers upon her termination.

33. Plaintiff was required to obtain the services of an attorney in order to attempt to collect unpaid wages from Defendants.

34. On November 23, 2015, Defendants Mr. Reeves and Lioness Holdings, LLC, were sent a demand letter via U.S. Mail requesting that Plaintiff be promptly paid all wages she was owed for the 44 hours of work she performed for the Defendants.

35. On February 24, 2016, Defendant Lioness Holdings, LLC, was sent an additional demand letter via U.S. Mail requesting that Plaintiff be promptly paid all wages she was owed, in addition to penalty wages and statutory penalties.

36. On April 13, 2016, Defendant Mr. Reeves and Defendant Lioness Holdings, LLC, were sent a demand letter via U.S. Mail requesting that Plaintiff be promptly paid all wages she was owed, in addition to penalty wages and statutory penalties.

37. On May 10, 2016, Defendant Tan Republic Franchise Company, LLC, was sent a demand letter via U.S. Mail requesting that Plaintiff be promptly paid all wages she was owed, in

addition to penalty wages and statutory penalties.

38. To date, Plaintiff has not received unpaid wages, penalty wages, or statutory penalties from any of the Defendants.

## V. CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

39. Defendants violated 29 U.S.C. § 206 when it failed to pay Ms. Myers the minimum wage rate for all the hours she worked.

40. Pursuant to 29 U.S.C. § 216(b), Ms. Myers is entitled to recover unpaid minimum wages, an equal amount as liquidated damages, and attorney's fees and costs.

### (Second Claim – Violation of Oregon Minimum Wage Law)

41. Defendants failed to pay Ms. Myers the minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

42. Ms. Myers is entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times her hourly wage rate, and reasonable attorney fees and costs, for non-payment of minimum wages.

### (Third Claim – Violation of Oregon Timely Payment of Wages Law)

43. Defendant failed to pay Ms. Myers all of her wages when due upon termination of her employment within the time specified in O.R.S. § 652.140.

44. The failure of Defendants to pay Ms. Myers all of her wages upon termination of employment was willful.

45. Ms. Myers is entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times her hourly wage rate, plus reasonable attorney's fees and costs under O.R.S. § 652.200, for Defendants' failure to pay Plaintiffs' wages upon termination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Award Plaintiff her unpaid minimum wages pursuant to 29 U.S.C. § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiff her unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025, and civil penalties in the amount of 240 times minimum wage pursuant to O.R.S. § 653.055, for unpaid minimum wages;

3. Award Plaintiff civil penalties in the amount of 240 times Plaintiff's average hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

4. Award Plaintiff reasonable attorneys' fees and costs under 29 U.S.C. § 216(b) and ORS §§ 653.055, 652.200, 20.082;

5. Award Plaintiff pre-judgment interest on sums due under the state law claim and post-judgment interest; and

6. Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 11th day of October, 2016.

                                                s/ Corinna Spencer-Scheurich
                                                Corinna Spencer-Scheurich
                                                OSB 130147
                                                (503) 525-8454
                                                Of Attorney for Plaintiffs